UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard McFadden, | ) C/A No. 3:10-1544-RBH-JRM |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| State of South Carolina; | ) |
| Robert Richburg, Investigator for Sumter County Police | ) |
| Dept.; | ) |
| Henry McMaster, SC Attorney General, | ) |
| | ) |
| Respondents. | ) |
| _____ | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to

the Court by Petitioner, a pretrial detainee in Sumter-Lee Regional Detention Center (SLRDC), who

is proceeding *pro se.* Petition claims that Defendant Richburg obtained two Sumter County arrest

warrants for Petitioner on charges of second degree burglary by making false statements to the

magistrates who issued the warrants. Petitioner alleges that Defendant Richburg then "vindictively

manipulated" the setting of an excessive bond on Petitioner's charges by persuading a magistrate

to increase the amount of the surety bond on one of the charges, without holding another bond

hearing, after another magistrate had previously set a lower bond on that charge. Petitioner alleges

that Defendant Richburg also caused a Clarendon County investigator to issue an arrest warrant for

Petitioner on an additional charge and to lodge that unserved warrant as a detainer against Petitioner

in Sumter County so that the Clarendon County detainer and the excessive bond on the Sumter

County charges would, together, force Petitioner to remain in jail and under coercion to plead guilty.

Petitioner seeks an order compelling a bond hearing to consolidate his already posted $25,000 surety

bond with his unposted $10,000 surety bond, or an order compelling the state to immediately conduct a jury trial.

### *Pro Se* Habeas Review

Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Antiterrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

**Discussion**

The Petitioner has previously brought a § 2241 action in this District Court involving the same facts and asserting nearly identical allegations as the instant action. *See Bernard McFadden v. Simon Major, Director of Sumter-Lee Regional Detention Center*, Civil Action No. 3:09-2927-RBH-JRM (SCDC), which is currently pending.

This court takes judicial notice of Civil Action No. 3:09-2927-RBH-JRM. A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949). In *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970), the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files
> and records and it had no duty to grind the same corn a second time.
> Once was sufficient.

As in Civil Action No. 3:09-2927-RBH-JRM, Petitioner currently alleges that his Constitutional rights under the Fifth, Eighth, and Fourteenth Amendments have been violated. The issues involved in the Petition *sub judice* are currently being addressed in Civil Action No. 3:09-2927-RBH-JRM. A petitioner should not be allowed to "bring piece-meal litigation by naming different defendants and alleging new causes of action, when all of his claims arise from the same operative facts." *Ali v. Jeng*, 1996 U.S. App. LEXIS 1329 at *8 (4th Cir. June 4, 1996)(affirming award of summary judgment based on collateral estoppel and res judicata). Therefore, this duplicate §2241 Petition should be summarily dismissed in the interests of judicial economy and efficiency.

**Recommendation**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondents. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996)(a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

Petitioner's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

July 8, 2010
Columbia, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).