IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Bernard McFadden, | ) | Civil Action No.: 3:10-1544-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| State of South Carolina; Robert Richburg, Investigator for Sumter County Police Dept.; Henry McMaster, SC Attorney General; | ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, proceeding *pro se*, brought this matter pursuant to 28 U.S.C. § 2241. Petitioner is currently a pretrial detainee in Sumter-Lee Regional Detention Center.

This matter is before the Court with the [Docket Entry 7] Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey[1] filed on July 9, 2010. In the Report, the Magistrate Judge recommended that the Court should dismiss Petitioner's § 2241 petition without prejudice and without issuance and service of process. Report at 4. Petitioner timely filed objections to the Report. *See* Obj. [Docket Entry 9].

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the

---

[1] This matter was referred to Magistrate Judge McCrorey pursuant to 28 U.S.C. 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), (D.S.C.).

court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

In his Report, the Magistrate Judge found that "Petitioner ha[d] previously brought a § 2241 action in this District Court involving the same facts and asserting nearly identical allegations as the instant action." Report at 3 (citing *Bernard McFadden v. Simon Major, Director of Sumter-Lee Regional Detention Center*, Civil Action No.: 3:09-cv-02927-RBH-JRM (D.S.C.)). The Magistrate Judge found that, as in that other action, "Petitioner currently alleges that his Constitutional rights under the Fifth, Eighth, and Fourteenth Amendments have been violated." Report at 3. Accordingly, the Magistrate Judge recommended that "this duplicate § 2241 Petition should be summarily dismissed in the interests of judicial economy and efficiency." *Id.*

Petitioner objected to the above recommendation. "Petitioner objects to p. 3 of [the Magistrate Judge's] R&R that he has previously brought a § 2241 action in this Court via McFadden v. Major case # 3:09-2927-RBH-JRM and submits that said case is construed as a

2

lawsuit." Obj. at 1. Essentially, Petitioner contends that the Magistrate Judge has treated that case as a civil lawsuit, rather than a § 2241 petition, as evidenced by the Magistrate Judge "order[ing] SLRDC (Petitioner's custodian) to file an Answer, rather than the S.C. Attorney General to file a Return." *Id.* Accordingly, Petitioner argues that because the Magistrate Judge has allegedly treated that case as a civil lawsuit, and not a § 2241 petition, the case *sub judice* should not be dismissed as a duplicate § 2241 petition.

After review, the Court overrules Petitioner's objections. A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992); *see also Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949). The Court accordingly takes judicial notice of Civil Action No. 3:09-cv-02927-RBH-JRM ("*McFadden v. Major*"). In that case, the docket reflects that the matter is pursuant to 28 U.S.C. § 2241. Petitioner titled his initial pleading "Petition for Writ of Habeas Corpus." Moreover, notwithstanding Petitioner's assertions to the contrary, the Magistrate Judge has treated *McFadden v. Major* as one pursuant to § 2241. For example, in the Magistrate Judge's February 5, 2010 Order, the Magistrate Judge stated that "[t]he Clerk of Court shall serve the 28 U.S.C. § 2241 petition . . . upon the respondent," and further that "[t]he Attorney General of the State of South Carolina shall receive a copy of . . . the 28 U.S.C. § 2241 petition." Feb. 5 Order [Docket Entry 12] at 1, Civil Action No.: 3:09-cv-02927-RBH-JRM. Accordingly, the Court finds that Petitioner did, in fact, previously file a § 2241 petition in *McFadden v. Major*, which is also currently pending before this Court.[2] Therefore, this current duplicate § 2241 Petition

---

[2] Petitioner does not appear to object to the Magistrate Judge's finding that both actions "involv[e] the same facts and assert[] nearly identical allegations." Report at 3. Accordingly, the Court is required to review the face of the record for clear error only. *See Diamond*, 416 F.3d at 315. Nevertheless, the Court has

3

should be dismissed in the interests of judicial economy and efficiency.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the Court hereby overrules all of Petitioner's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Accordingly, Petitioner's Petition for a Writ of Habeas Corpus in this case is **DISMISSED** *without prejudice* and without issuance and service of process upon Respondents.

**IT IS SO ORDERED.**

        s/R. Bryan Harwell
        R. Bryan Harwell
        United States District Judge

Florence, South Carolina
July 27, 2010

---

thoroughly reviewed the petitions in both cases and finds that both petitions allege similar facts and allegations relating to the same bond hearings.